UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARJORIE PATTERSON<br>217 Parker Avenue, Apt. B<br>Woodlynne, NJ 08107 | : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. |
| Plaintiff, | : <br> : | |
| v. | : <br> : | JURY TRIAL DEMANDED |
| BAIM ENTERPRISES INC., d/b/a<br>MCDONALDS<br>57 Haddonfield Road, Ste 100<br>Cherry Hill, NJ 08002 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## COMPLAINT

Plaintiff, Marjorie Patterson, (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Baim Enterprises Inc, d/b/a McDonalds (hereinafter "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff for violations of Title VII of the Civil Rights Act of 1964 and the New Jersey Law against Discrimination. Plaintiff alleges that she was subjected to unlawful sexual harassment and terminated for complaining about sexual harassment. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims, which assert violations of the Title VII of the Civil Rights Act of 1964 because this civil action arises under a law of the United States. This Court also has supplemental jurisdiction over

state law claims alleged herein because they arise out of the same common nucleus of operative facts underlying Plaintiff's federal claim(s).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a New Jersey corporation that owns and operates more than 10 entities doing business as McDonalds and engages in the business of selling fast food.

8. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff worked for Defendant for approximately 1 year and 3 months.

2

11. Plaintiff worked for Defendant as a crew chief performing a variety of services to assist with the sale(s) of food to customers.

12. Plaintiff was terminated in or about August 24, 2007 from Defendant.

13. During the last several months of Plaintiff's employment, she was supervised by one Michael Goodwin.

14. Goodwin engaged in continuous sexual harassment of Plaintiff, including but not limited to, staring at Plaintiff's buttocks, making comments on a daily basis about Plaintiff's body, by making inappropriate sexual gestures, and by intentionally walking behind Plaintiff's backside in a sexually offensive and close manner.

15. Plaintiff complained about the sexual harassment to Defendant's management, including during the same week in which she was terminated.

16. Upon information and belief, Goodwin openly sexually harassed other women in addition to Plaintiff.

17. Plaintiff was terminated for complaining about sexual harassment.

## Count I
## Title VII of the Civil Rights Act of 1964
### (Retaliation)

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. Plaintiff was terminated in retaliation for complaining about sexual harassment.

20. These actions as aforesaid constitute a violation of Title VII of the Civil Rights Act of 1964.

## Count II
## Title VII of the Civil Rights Act of 1964
### (Hostile Work Environment – Sexual Harassment)

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Plaintiff was subjected to sexual harassment that was severe and/or pervasive.

23. These actions as aforesaid constitute violations of the Title VII of the Civil Rights Act of 1964 and constituted an unlawful hostile work environment.

## Count III
## The New Jersey Law Against Discrimination
### (Retaliation)

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff was terminated in retaliation for complaining about sexual harassment.

26. These actions as aforesaid constitute a violation of the NJ Law against Discrimination.

## Count IV
## The New Jersey Law Against Discrimination
### (Hostile Work Environment – Sexual Harassment)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was subjected to sexual harassment that was severe and/or pervasive.

29. These actions as aforesaid constitute violations of the Title VII of the Civil Rights Act of 1964 and constituted an unlawful hostile work environment.

4

Case 1:08-cv-02900-JEI-JS Document 1-6 Filed 06/12/08 Page 5 of 6 PageID: 5

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of sexually harassing and/or retaliating against employees or prospective employees based on their disability(s) and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to her by Defendant's actions;

D. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

H. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

5

Respectfully submitted,

**KARPF, KARPF & VIRANT**
Attorneys for Plaintiff

_____
Ari Karpf
3070 Bristol Pike
Building 2, Suit 230
Bensalem, PA 19020

Dated: June 10, 2008

6